### WILSON v. STATE OF INDIANA.

[No. 23,080. Filed October 5, 1916.]

DISORDERLY HOUSE.—*Frequenting.*—*Statute.*—*Separate Offenses.*— *Evidence.*—In a prosecution under an indictment based on a statute making it an offense for a male to frequent a house of ill-fame or to associate with prostitutes or to be engaged in or about a house of prostitution, proof that the defendant was employed as a servant in such a house is insufficient to sustain a conviction on a charge of frequenting a house of ill-fame and associating with prostitutes, since, under the statute, such offense is separate and distinct from that of being engaged in or about a house of prostitution.

From Knox Circuit Court; *Benjamin M. Willoughby*, Judge.

Prosecution by the State of Indiana against Wilse Wilson. From a judgment of conviction, the defendant appeals. *Reversed.*

*L. M. Wade* and *A. J. Padgett*, for appellant.

*Evan B.* Stotsenburg, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

SPENCER, J.—Appellant was tried and convicted on an indictment which charged that, at a fixed time and place, he "did then and there unlawfully frequent a house of ill-fame kept by Dora B. Jones, then and there being and did then and there associate with females known and reputed as prostitutes," etc. In prosecuting this appeal from the judgment of conviction, appellant earnestly insists that the evidence wholly fails to show him guilty of the offenses charged.

The evidence is without conflict on any material issue, and shows that appellant and his wife, who are colored people, were employed as servants in a house of ill-fame kept by one Jones, and received regular wages for their services; that he was the cook and janitor in the winter time, and took care of the yard in the summer; that he cooked in the basement of the building and had nothing to do with the upstairs or living part of the house, which was taken care of by his wife; that he did not associate or mingle with any of the inmates of the house, all of whom were white people, but would come to the house at the usual hour to commence work in the morning, would remain at his employment until the usual quitting time in the evening and then go away.

The statute on which the indictment is based provides that: "Whoever, being a male person, frequents or visits a house or houses of ill-fame or of assignation, except as a physician to treat a patient or patients, or associates with women known or reputed as prostitutes, * * *. or is engaged in or about a house of prostitution, shall, on convic-

tion," etc.   Conceding that the evidence above set out would be sufficient to convict appellant of having been "engaged in or about a house of prostitution," it is wholly insufficient to show him guilty of the offenses charged in the indictment.   Under the statute, one who frequents or visits a house of prostitution as a patron of the place, or who associates with women known or reputed to be prostitutes, is guilty of an offense separate and distinct from that of being employed in such house, and proof of the latter offense only, as in this case, will not sustain a conviction based on the other charge or charges.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 113 N. E. 724.   See also 32 Cyc 734.